**2022-1621, 2022-1622, 2022-1777, 2022-1779**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

DRAGON INTELLECTUAL PROPERTY, LLC,
*Plaintiff-Cross-Appellant,*

v.

DISH NETWORK L.L.C.,
*Defendant-Appellant,*

v.

ROBERT E. FREITAS, FREITAS & WEINBERG LLP
*Respondents-Appellees.*

DRAGON INTELLECTUAL PROPERTY, LLC,
*Plaintiff-Cross-Appellant,*

v.

SIRIUS XM RADIO INC.,
*Defendant-Appellant,*

v.

ROBERT E. FREITAS, FREITAS & WEINBERG LLP,
*Respondents-Appellees.*

Appeals from the United States District Court for the District of Delaware
C.A. Nos. 1:13-cv-02066-RGA, 1:13-cv-02067-RGA

## DISH NETWORK L.L.C.'S PETITION FOR REHEARING EN BANC

LAUREN J. DREYER
JAMIE R. LYNN
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, D.C. 20001
(202) 639-7700 (telephone)
(202) 639-7890 (facsimile)
lauren.dreyer@bakerbotts.com
jamie.lynn@bakerbotts.com

G. HOPKINS GUY III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
(650) 739-7500 (telephone)
(650) 739-7699 (facsimile)
hopkins.guy@bakerbotts.com

*Attorneys for Defendant-Appellant,*
*DISH Network L.L.C.*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2022-1621, 2022-1622, 2022-1777, 2022-1779 |
| **Short Case Caption** | Dragon Intellectual Property LLC v. DISH Network L.L.C |
| **Filing Party/Entity** | DISH Network L.L.C. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/22/2024

Signature: /s/ Lauren J. Dreyer

Name: Lauren J. Dreyer

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| DISH Network L.L.C. | | EchoStar Corp. |
| | | DISH DBS Corp. |
| | | DISH Orbital Corp. |
| | | DISH Network Corp. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**FORM 9. Certificate of Interest**

---

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable        ☐  Additional pages attached

| | | |
|---|---|---|
| Ali Dhanani, Michael Hawes, Eliot Williams, and Aaron Street Baker Botts L.L.P. | Bradley Bowling and Michael Sherby, Baker Botts L.L.P. (no longer at firm) | |
| Rodger D. Smith, Lucinda C. Cucuzzella, Morris Nichols, Arsht & Gunnell LLP. | | |
| | | |

---

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)    ☑  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

---

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable        ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................1

II. BACKGROUND ....................................................................................2

   A. The Underlying Lawsuit..................................................................2

   B. The Panel And Majority Decision ...................................................3

   C. The Dissent ....................................................................................4

III. ARGUMENT ........................................................................................4

   A. The Panel Decision On Joint And Several Liability Clashes With The Fifth Circuit's Analysis Of The Same Language And Conflicts With Supreme Court Precedent ................................................4

      1. The Panel Created a Circuit Conflict by Wrongly Following Fourth Circuit Law.........................................................................5

      2. The Panel Unjustifiably Exempts Attorneys from Liability .....................7

      3. The Panel Wrongly Resorts to Judicial Policymaking.............................7

      4. The Panel Decision Poses Serious Real-World Problems ......................11

   B. The Majority Decision On IPR Fees Conflicts With Supreme Court Precedent Awarding Fees For Voluntary Administrative Proceedings ........13

      1. The Majority Failed to Apply the Supreme Court's Established Test for Extending a Fee-Shifting Statute to an Administrative Proceeding ........14

      2. The Majority Erroneously Concluded that Fees for "Voluntary" IPRs Initiated by Accused Infringers Are Irrecoverable...................................15

IV. CONCLUSION .................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alliance for Good Gov't v. Coal. for Better Gov't*,
    998 F.3d 661 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 45 (2021) ...................4, 5

*Amneal Pharms. LLC v. Almirall, LLC*,
    960 F.3d 1368 (Fed. Cir. 2020) ........................................................15

*Backertop Licensing LLC v. Canary Connect, Inc.*,
    No. 2023-2367, 2024 WL 3418285 (Fed. Cir. July 16, 2024) ...........................12

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
    498 U.S. 533 (1991)......................................................................9, 10

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991).....................................................................9, 10, 11

*Dietz v. Bouldin*,
    579 U.S. 40 (2016)............................................................................11

*Dragon Intell. Prop., LLC v. DISH Network L.L.C.*,
    101 F.4th 1366 (Fed. Cir. 2024) ......................................................3, 4

*Dragon Intell. Prop., LLC v. DISH Network LLC*,
    711 F. App'x 993 (Fed. Cir. 2017) .....................................................2

*Eash v. Riggins Trucking Inc.*,
    757 F.2d 557 (3d Cir. 1985) ...........................................................11

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*,
    963 F.3d 1371 (Fed. Cir. 2020) ......................................................10

*Eon-Net LP v. Flagstar Bancorp*,
    653 F.3d 1314 (Fed. Cir. 2011) .........................................................7

*In re Crescent City Estates, LLC*,
    588 F.3d 822 (4th Cir. 2009) ............................................................6

*In re Nimitz Techs. LLC*,
    No. 2023-103, 2022 WL 17494845 (Fed. Cir. Dec. 8, 2022) ...........................12

*Indep. Fed'n of Flight Attendants v. Zipes*,
    491 U.S. 754 (1989)................................................................4, 5, 8

*Insituform Techs., Inc. v. CAT Contracting, Inc.*,
    385 F.3d 1360 (Fed. Cir. 2004) ........................................................13

*Iris Connex, LLC v. Dell, Inc.*,
    235 F. Supp. 3d 826 (E.D. Tex. 2017)................................................12

*Jama v. Immigr. & Customs Enf't*,
    543 U.S. 335 (2005)..........................................................................8

*LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*,
    287 F.3d 279 (3d Cir. 2002) ............................................................10

*Loper Bright Enters. v. Raimondo*,
    144 S. Ct. 2244 (2024)....................................................................7, 9

*Mach. Corp. of Am. v. Gullfiber AB*,
    774 F.2d 467 (Fed. Cir. 1985) ..........................................................12

*Nelson v. Adams USA, Inc.*,
    529 U.S. 460 (2000)..........................................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)...............................................................1, 5, 8, 10

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986)....................................................................15, 16

*Pop Top Corp. v. Rakuten Kobo Inc.*,
    No. 2021-2174, 2022 WL 2751662 (Fed. Cir. July 14, 2022) ............7

*PPG Indus., Inc. v. Celanese Polymer Specialties Co.*,
    840 F.2d 1565 (Fed. Cir. 1988) ........................................................15

*Raylon, LLC v. Complus Data Innovations, Inc.*,
    700 F.3d 1361 (Fed. Cir. 2012) ..........................................................7

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980)....................................................................10, 11

*Rohm & Haas Co. v. Crystal Chem. Co.*,
   736 F.2d 688 (Fed. Cir. 1984) ..........................................................6, 7

*S. Broward Hosp. Dist. v. MedQuist Inc.*,
   516 F. Supp. 2d 370 (D.N.J. 2007), *aff'd in part*, 258 F. App'x 466 (3d Cir. 2007) ...............................................................................................9

*Sullivan v. Hudson*,
   490 U.S. 877 (1989).................................................................14, 15

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
   No. H-23-2961, 2024 WL 3378456 (S.D. Tex. July 11, 2024).........................12

*Webb v. Bd. of Educ. of Dyer Cnty.*,
   471 U.S. 234 (1985)..........................................................14, 15, 16

## STATUTES

15 U.S.C. § 1117(a) ...........................................................................1

17 U.S.C. § 505.................................................................................8

28 U.S.C. § 1447(c) ...........................................................................6

28 U.S.C. § 1927................................................................................10

35 U.S.C. § 23 ...................................................................................16

35 U.S.C § 285 ...........................................................................passim

35 U.S.C. § 315(b) ............................................................................16

## OTHER AUTHORITIES

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (2012) .......................................................................5

Fed. R. App. P. 38..........................................................................1, 7

Fed. R. Civ. P. 11 ..........................................................................9, 10

H.R. 4807, 100th Cong. (1988)..........................................................6

H.R. Rep. No. 112-98, pt. 1 (2011)....................................................14

Letter from Senator John Cornyn to Chief Counsel to Rules Committee of the Administrative Office of the U.S. Courts (July 11, 2024), https://www.cornyn.senate.gov/wp-content/uploads/2024/07/7.11.24-TPLF-Letter.pdf ................................................................................................13

S. Rep. No. 1503, 79th Cong., 2d Sess. (1946) .........................................................8

Unified Patents, *Patent Dispute Report: 2023 In Review* (Jan. 8, 2024), https://www.unifiedpatents.com/insights/2024/1/8/patent-dispute-report-2023-in-review .......................................................................................................13

Unified Patents, *Patent Dispute Report: 2024 Mid-Year Report* (July 22, 2024), https://www.unifiedpatents.com/insights/2024/7/22/patent-dispute-report-2024-mid-year-report ................................................................................................13

## STATEMENT OF COUNSEL – FEDERAL CIRCUIT RULE 35(b)(2)

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

1. Whether the panel legally erred in determining that, as a matter of law, district courts have no discretion to hold a party's attorney jointly and severally liable for fees under 35 U.S.C. § 285.

2. Whether the panel legally erred in determining that, as a matter of law, fees incurred by an accused infringer who prevailed in an *inter partes review* ("IPR") when the underlying litigation was stayed are never recoverable.

Based on my professional judgment, I believe the panel decision is contrary to the following decisions of the Supreme Court of the United States: *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014); *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000); *Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234 (1985); *Sullivan v. Hudson*, 490 U.S. 877 (1989); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986), *supplemented*, 483 U.S. 711 (1987).

/s/*Lauren J. Dreyer*

*Attorney of Record for Defendant-Appellant,*
*DISH Network L.L.C.*

# I.  INTRODUCTION

This exceptional case resulted from the plaintiff and its counsel's combined pursuit of a frivolous lawsuit and unreasonable manner of litigation. Although 35 U.S.C § 285 is silent on who may be liable for fees—and thus can reach named parties and third parties alike under Supreme Court precedent—the panel determined that the statute has one unstated exception: it bars reaching a party's attorney. The panel curtailed federal court discretion despite identifying no basis in the statute, legislative history, or precedent. Attorneys who file frivolous cases and commit other misconduct are equally accountable under this statute, just as they are under the inherent authority or Federal Rule of Appellate Procedure 38 for frivolous appeals.

The Fifth Circuit recently concluded that attorneys should not receive special protection under an identical fee-shifting statute (15 U.S.C. § 1117(a)) in the Lanham Act. The Fifth Circuit reasoned that the Patent Act's language, legislative history, and the Supreme Court's treatment in *Octane Fitness* compelled the conclusion that courts have discretion to hold a party's attorney jointly and severally liable for fees if its conduct was exceptional. The panel here ignored that decision, instead following the Fourth Circuit's analysis of disparate statutory language with distinguishable legislative history. En banc review is needed to address this circuit conflict and align the identical fee-shifting language in the Lanham and Patent Acts.

The majority opinion also determined that accused infringers can never recover fees spent on IPR proceedings under § 285. The panel however failed to apply the Supreme Court's test, articulated nearly 40 years ago, for determining recoverability of fees for administrative proceedings. Supreme Court precedent has long condoned the recovery of fees for administrative proceedings, even when those proceedings are voluntary.

These are questions of exceptional importance in the application of the Patent Act's fee-shifting statute. Federal court discretion should remain unfettered by categorical rules exempting certain actors and conduct from liability. These erroneous rulings, which conflict with decisions of the Fifth Circuit, the Supreme Court, both the Patent and Lanham Acts, and this Court's case law, amply warrant en banc review.

## II.     BACKGROUND

### A.     The Underlying Lawsuit

Dragon Intellectual Property, LLC ("Dragon"), represented by attorney Robert Freitas and his firm (collectively, "Freitas"), sued DISH Network L.L.C. ("DISH") for patent infringement. DISH filed an IPR petition, and the district court stayed Dragon's case pending the IPR's outcome. The PTAB found the claims unpatentable, which this Court affirmed. *See Dragon Intell. Prop., LLC v. DISH Network LLC*, 711 F. App'x 993 (Fed. Cir. 2017).

DISH moved for attorney's fees under 35 U.S.C. § 285. The district court found the case exceptional based on meritless infringement claims and awarded DISH certain district-court fees. But it denied the fees DISH incurred during the parallel IPR and denied joint and several liability of the fee award against Freitas, asserting that the statute authorized neither. For that reason, it declined to determine whether Freitas's litigation misconduct also supported exceptionality and joint and several liability. This Court affirmed.

## B. The Panel And Majority Decision

Although the panel affirmed exceptionality given the baseless infringement claims, it held that courts have no discretion to hold parties' attorneys jointly and severally liable. *Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, 101 F.4th 1366 (Fed. Cir. 2024) (hereinafter, "Op."). The panel contended the statutory text of § 285, which says "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party," does not explicitly assess fee liability against the losing party's attorneys. According to the panel, if Congress intended the statute to include such liability, it would have done so explicitly, as it had in other statutes and rules. *Id*. at 10-12.

In a divided decision, the majority affirmed the denial of IPR fees because DISH pursued the IPR voluntarily. *Id*. at 9. The majority reasoned that DISH

benefited from the advantages of an IPR over stayed district-court litigation, so fee awards for such voluntary administrative proceedings are unavailable. *Id*. at 8.

## C.    The Dissent

Dissenting-in-part, Judge Bencivengo explained that DISH's stayed case meant the IPR effectively substituted for district-court litigation. *Id*. at 14-15. Judge Bencivengo reasoned that DISH's IPR fees resulted from defending against the baseless infringement claims and should be recoverable to fully compensate DISH. *Id*. at 15-16.

## III.    ARGUMENT

## A.    The Panel Decision On Joint And Several Liability Clashes With The Fifth Circuit's Analysis Of The Same Language And Conflicts With Supreme Court Precedent

En banc review is warranted to defuse the circuit conflict the panel created on the reach of fee-shifting provisions in the Lanham and Patent Acts, which are identically worded and should be interpreted uniformly. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758-59 n.2 (1989) ("[F]ee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike.") (citations omitted). The Fifth Circuit assessed fees against a party's attorney under the Lanham Act. *Alliance for Good Gov't v. Coal. for Better Gov't*, 998 F.3d 661, 665-66 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 45 (2021) (Mem). In doing so, it held that neither the Lanham nor Patent Act "expressly limit[s] the persons who can be

held liable for attorney's fees." *Id*. at 665. Indeed, the Supreme Court has held that a third party is "surely . . . not insulate[d]" from liability for § 285 fees, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 472 (2000), including intervenors, *Zipes*, 491 U.S. at 761.

But the panel—ignoring the Fifth Circuit and erroneously following the Fourth Circuit's interpretation of a differently-worded fee-shifting statute—held federal courts cannot assess fees against a party's attorney under § 285 as a matter of law. Op. 11. The panel provides no reason for applying the Fourth Circuit's inapplicable approach rather than the Supreme Court's or the Fifth Circuit's directly applicable ones. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 252-53 (2012) ("'Statutes,' Justice Frankfurter once wrote, 'cannot be read intelligently if the eye is closed to considerations evident in affiliated statutes."). This circuit-splitting disregard of identical language in related intellectual property statutes cannot be squared with the statute or precedent and must be righted.

### 1. The Panel Created a Circuit Conflict by Wrongly Following Fourth Circuit Law

The circuits are now divided on the scope of identical fee-shifting provisions. The Fifth Circuit applied the Supreme Court's decisions in *Nelson* and *Octane Fitness* to assess fees against a party's attorney. *Alliance*, 998 F.3d at 665-66. Instead of following the Fifth Circuit and the Supreme Court, the panel ignored them. It only

addressed the Fourth Circuit's decision in *In re Crescent City Estates, LLC*, 588 F.3d 822, 824 (4th Cir. 2009), which pertains to different language (28 U.S.C. § 1447(c)) for cases of accidental removal to federal court. The Fourth Circuit's analysis is irreconcilable with § 285.

Because the plain language of § 1447(c) "makes no explicit mention of counsel," the Fourth Circuit applied the American Rule's purported presumption that only parties, not attorneys, pay fees. *Crescent City*, 588 F.3d at 826. But the American Rule is only a presumption against fee-shifting itself, which fee-shifting statutes override, and the Fourth Circuit's flawed premise overlooks well-established instances in the American legal system when attorneys (and non-parties) bear fees, such as pro-bono representation, contingency cases, and litigation funding.

Still, in reaching its conclusion, the Fourth Circuit could identify legislative support that "explicitly applied only to parties, limiting liability to 'defendant or defendants.'" *Id.* at 827 (citing H.R. 4807, 100th Cong. (1988)). The panel here found no legislative support, let alone any that would explicitly limit the statute to named parties. *See Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 690-92 (Fed. Cir. 1984) (discussing § 285 legislative history). Because the panel wrongly followed inapplicable Fourth Circuit law over on-point Fifth Circuit and Supreme Court authority, en banc review is warranted to correct the panel's unmoored approach.

## 2. The Panel Unjustifiably Exempts Attorneys from Liability

Even though § 285 is "silent" on who is liable, the panel held attorneys are never liable. Op. 11. But "[t]he text of the [statute] means what is says," *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2262 (2024), and it contains no limits on who is liable.

The panel also did nothing to reconcile its interpretation-by-omission with decisions from every circuit holding attorneys liable for fees under FRAP 38, a similarly silent rule. *See, e.g., Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2021-2174, 2022 WL 2751662, at *3 (Fed. Cir. July 14, 2022); *see also* Dkt. 58 at 39-40 (identifying circuit cases). The panel fails to justify why attorneys receive special protection under § 285 but not under Rule 38. *Cf. Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011) (holding attorney "has an obligation to the court and should not blindly follow the client's interests if not supported by law and facts"). Like circuit courts, districts courts should have at their disposal all available sanctioning mechanisms, including § 285, to police litigation abuses.

## 3. The Panel Wrongly Resorts to Judicial Policymaking

Congress created a patent-specific sanction. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1372 (Fed. Cir. 2012) ("Section 285 was enacted to address a patent-specific policy rationale," such as "deter[ring] the 'improper bringing of clearly unwarranted suits.'") (quotations omitted); *Rohm*, 736 F.2d at

690-92 (holding fees are sanction to deter exceptional litigation tactics and "prevent a gross injustice to an alleged infringer") (quoting S. Rep. No. 1503, 79th Cong., 2d Sess. (1946)). Broadly worded, § 285 curbs "unfairness," "bad faith," "'or some other equitable consideration of similar force,' which made a case so unusual as to warrant fee-shifting." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548-49 (2014) (citation omitted).

Because the text is unencumbered, the Supreme Court cautioned that it "imposes one and only one constraint on district courts' discretion": that the case be exceptional. *Octane Fitness*, 572 U.S. at 553. This discretion reflects Congress's intent to empower federal courts to address "equitable considerations," *Zipes*, 491 U.S. at 759, and prescribe the means for protecting the integrity of their proceedings.

The panel's opinion once again "abandon[s] that holistic, equitable approach," *Octane Fitness*, 572 U.S. at 550, in favor of adding a new constraint on federal court discretion, even when attorneys are responsible for frivolousness or other litigation misconduct that makes the case exceptional, *id.* at 554 n.6. If Congress intended to limit the statute to parties, it would have done so, as it has before. *Compare* 17 U.S.C. § 505 ("the recovery of full costs by or *against any party*") (emphasis added); *see also Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even

greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.").

The panel's suggestion that other statutes and rules are "more appropriate vehicles," Op. 11, favors judicial policymaking over Congress's deliberate choice. *Cf. Loper*, 144 S. Ct. at 2268 ("Courts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences."). Nothing in the availability of other sanctioning mechanisms warrants the panel's conclusion that a federal court may not rely on its statutory authority under § 285 to curb abuses. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.").

Federal Rule of Civil Procedure 11 was inadequate here. Op. 11. "Rule 11 is 'not a fee-shifting statute'" and "fees are not mandated." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 534, 553 (1991) (citations omitted). Its sanctions "are not tied to the outcome of litigation." *Id.* In other words, Rule 11 sanctions are narrow, fee-optional, and outcome-agnostic.[1] Misconduct by

---

[1] In the Third Circuit, Rule 11 sanctions for failure to conduct pre-filing due diligence (as here) has resulted in a written warning. *S. Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 404 (D.N.J. 2007), *aff'd in part*, 258 F. App'x 466 (3d Cir. 2007).

the losing party, untethered to "whether a specific filing was, if not successful, at least well founded," *Bus. Guides*, 498 U.S. at 553, is outside Rule 11's reach. And although DISH identified additional misconduct by Freitas alone (Appx003981-003984; Dkt. 58 at 11-18, 54-57), both the district court and the panel precluded any consideration of it. Op. 12 (declining to consider "manner of litigating"); Appx000037 (declining to consider Freitas's "blameworthy conduct"). That constitutes error and independently warrants en banc review. *See Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1377-78 (Fed. Cir. 2020) (holding clear error "by failing to address" the "manner of litigation" and "litigation conduct").

Similarly, both 28 U.S.C. § 1927[2] and the inherent power require bad faith—something *Octane Fitness* eliminated—and address different legislative intent. *Compare LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) (§ 1927), and *Chambers*, 501 U.S. at 46 (same, for inherent power), *with Octane Fitness*, 572 U.S. at 554-55. Those sanctioning mechanisms are, thus, inadequate for addressing misconduct that may not constitute bad faith but is otherwise frivolous or reckless. Forcing litigants to rely on other sanctioning mechanisms undermines *Octane Fitness* and the statute's purpose.

---

[2] The panel (Op. 11) attempts to rely on *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 (1980), but it, following the American Rule, merely rejected reading the word "fees" into a statute that is limited to "costs."

The panel also fails to reconcile its statutory interpretation with the court's inherent authority. The Supreme Court has long held that courts have inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process," including "attorney's fees as a sanction for bad-faith conduct." *Chambers*, 501 U.S. at 44-45, 48-50.

And although a court's inherent power may reach a party attorney's bad-faith conduct, the panel held that § 285 cannot reach the same conduct. *Compare Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567-68 (3d Cir. 1985) (courts have "inherent power . . . to impose reasonable sanctions upon those admitted to its bar") (citing *Roadway*, 447 U.S. at 766 n.12). Thus, the panel created more restrictive limitations on explicit statutory authority than courts claim inherently. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]he exercise of an inherent power cannot be contrary to any express grant of *or limitation on* the district court's power contained in a rule or statute.") (emphasis added). En banc review is needed to reconcile the court's inherent authority with its statutory authority.

### 4. The Panel Decision Poses Serious Real-World Problems

Eschewing joint tortfeasor liability when an attorney's misconduct creates exceptionality leads to a paradoxical and unjust result—shell companies can receive fees if they win but will not incur fees if they lose. As here, they can declare insolvency, blame their attorneys, and walk away scot-free. The panel decision

provides a roadmap for shell companies *and their attorneys* to manipulate patent litigation in a way that harms the public interest. *See Mach. Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 471 (Fed. Cir. 1985) (fees in exceptional cases should "strike a balance between the interest of the patentee in protecting his statutory rights and the interest of the public in confining such rights to their legal limits.") (citation omitted).

This threat is not imaginary. Courts are confronting rising attorney misconduct in patent litigation. *See Backertop Licensing LLC v. Canary Connect, Inc.*, No. 2023-2367, 2024 WL 3418285, at *1 (Fed. Cir. July 16, 2024). (investigating "potential attorney and party misconduct"); *see generally In re Nimitz Techs. LLC*, No. 2023-103, 2022 WL 17494845 (Fed. Cir. Dec. 8, 2022) (affirming order addressing concerns of fraud or improper shielding of liability through use of shell companies); *see also VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. H-23-2961, 2024 WL 3378456, at *4 (S.D. Tex. July 11, 2024) (finding "both [nonpracticing entity] and its counsel have made this case exceptional" based on "repeated misconduct"); *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 860 (E.D. Tex. 2017) ("[O]ne cannot abuse the judicial process through the creation of shell entities to facilitate the assertion of otherwise meritless claims as part of a scheme to avoid the risks that Section 285 creates.").

Shell entities account for up to 80% of patent lawsuits.[3] Their attorneys often retain financial interest in the case's outcome or "rely[] on third parties to fund their suits" in secret, and "attorneys are incentivized to take cases with large potential payouts even when the claim is not meritorious."[4] This disrupts the orderly administration of justice. Congress wanted federal courts to have discretion to curb litigation abuses and protect the public interest. Given its broad language, nothing in the statute forbids a federal court from awarding fees against an active participant in the misconduct—even the attorney. *See Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1374-75 (Fed. Cir. 2004) (considering whether third party "was personally responsible for" exceptionality).

**B.  The Majority Decision On IPR Fees Conflicts With Supreme Court Precedent Awarding Fees For Voluntary Administrative Proceedings**

In excluding IPR fees from the statute's reach, the majority reasoned that DISH "voluntarily" elected to pursue its IPR. Op. 8-10. The majority's inexplicable test is found nowhere in precedent. It did not apply, let alone discuss, the

---

[3] Unified Patents, *Patent Dispute Report: 2023 In Review* (Jan. 8, 2024), https://www.unifiedpatents.com/insights/2024/1/8/patent-dispute-report-2023-in-review; Unified Patents, *Patent Dispute Report: 2024 Mid-Year Report* (July 22, 2024), https://www.unifiedpatents.com/insights/2024/7/22/patent-dispute-report-2024-mid-year-report.

[4] *See* Letter from Senator John Cornyn to Chief Counsel to Rules Committee of the Administrative Office of the U.S. Courts (July 11, 2024), https://www.cornyn.senate.gov/wp-content/uploads/2024/07/7.11.24-TPLF-Letter.pdf ("Courts should also have the discretion to allocate litigation fees and expenses to the financed party … in … meritless suits.").

longstanding Supreme Court test for determining recoverability of fees for administrative proceedings (even voluntary ones) under a federal fee-shifting statute.

> **1.** **The Majority Failed to Apply the Supreme Court's Established Test for Extending a Fee-Shifting Statute to an Administrative Proceeding**

In *Webb v. Board of Education of Dyer County*, 471 U.S. 234, 243 (1985), the Supreme Court held that fees may be recovered if "the work product from the administrative proceedings was work that was both useful and of a type ordinarily necessary to advance" the litigation. Elaborating on *Webb*, in *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989), the Supreme Court permitted recovery of fees "where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees," as "part and parcel of the action for which fees may be awarded."

The majority did not acknowledge *Webb* or *Sullivan*, much less adhere to their standards, which would have warranted DISH's recovery of IPR fees. DISH pursued an IPR in lieu of litigating in federal court, agreeing to estoppel and to stay the underlying litigation. This is what Congress intended in creating the IPR scheme, to "establish a more efficient and streamlined patent system" and reduce "unnecessary and counterproductive litigation costs." *See* H.R. Rep. No. 112-98, pt. 1, at 40 (2011). Because DISH's IPR obviated the need for the lawsuit, it unequivocally was "both useful and of a type ordinarily necessary to advance" the litigation. *Webb*, 471

U.S. at 243. Invalidating the patent indisputably resolved the judicial action and achieved the results Congress intended to promote under the "interlocking system of judicial and administrative avenues to relief." *Sullivan*, 490 U.S. at 888-89. The majority's deviation from this standard "clearly clash[es] with the congressional design behind the statutory scheme." *Id.*

The majority disregarded the Supreme Court's standards in *Webb* and *Sullivan* without explanation. Instead, it attempted to reconcile its holding with *Amneal Pharmaceuticals LLC v. Almirall, LLC*, 960 F.3d 1368 (Fed. Cir. 2020), and *PPG Industries, Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988). Those decisions need not be disturbed, as they rightly followed *Webb* and *Sullivan* in determining that reissue fees were recoverable as useful to the pre-existing litigation (*PPG*, 840 F.2d at 1568-69), but that fees for an IPR brought *before* any lawsuit commenced were not (*Amneal*, 960 F.3d at 1371-72). The majority's holding cannot be squared with *Amneal* and *PPG* and, for that additional reason, warrants en banc review.

### 2. The Majority Erroneously Concluded that Fees for "Voluntary" IPRs Initiated by Accused Infringers Are Irrecoverable

The majority's determining factor—that DISH's IPR fees are irrecoverable because its IPR was "voluntary" (Op. 8-9)—is wrong for two additional reasons.

First, the majority's holding contradicts Supreme Court authority that fees for voluntary administrative proceedings are recoverable. In *Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558 (1986), for example, the Supreme Court permitted recovery of the "time spent pursuing **optional** administrative proceedings" so long as the work was "'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Id*. at 561 (emphasis added) (citing *Webb*). And it held that actions need not be "'judicial' in the sense that they did not occur in a courtroom or involve 'traditional' legal work[,]" so long as they are "as necessary to the attainment of adequate relief for their client" as other work. *Id.* at 558. The majority opinion cannot be reconciled with *Delaware Valley*, which it made no attempt to address.

Second, the majority's reasoning creates needless ambiguity, introducing distinctions that undermine the statute's purpose. Section 285 is not party-specific—any prevailing party may recover fees in exceptional cases.[5] And IPRs are coercive in nature. For petitioners, as Judge Bencivengo's dissent noted, "contest[ing] the validity of [asserted] patents in response to [a patent owner's] meritless infringement suit" cannot be considered "voluntary." Op. 14. This is especially true given the IPR one-year statutory deadline. 35 U.S.C. § 315(b). And patent owners have no realistic choice but to defend themselves against IPR invalidity challenges—any other option risks invalidation of their asset. Characterizing IPRs as "voluntary," as the majority

---

[5] Despite the panel's disagreement (Op. 10), Title 35 recognizes patent-office proceedings are "cases." *See* 35 U.S.C. § 23.

does, ignores the realities of what is "voluntary" in adversarial proceedings. DISH's decision to pursue a post-litigation IPR and Dragon's decision to defend against it are not strictly voluntary since each would have forfeited rights had it not done so.

But even if the majority's reasoning could be fairly read to deem IPRs non-voluntary for patent owners, that distinction would mean accused infringers *cannot* recover IPR fees, but patent owners *can*. This creates a party-specific distinction where none exists in the text or legislative history. Such a twisted reading turns the statute into a one-way remedy, benefitting shell companies and harming accused infringers and the public interest. That uneven playing field is not what Congress intended.

Because the majority decision contradicts Supreme Court precedent and creates loopholes that patent owners and their attorneys will exploit to the detriment of unfairly accused infringers and the public, en banc review is warranted.

## IV.  CONCLUSION

For these reasons, DISH respectfully requests the Court grant its petition for rehearing en banc.

Dated: August 5, 2024               Respectfully submitted,

/s/ *Lauren J. Dreyer*

Lauren J. Dreyer
lauren.dreyer@bakerbotts.com
Jamie R. Lynn
jamie.lynn@bakerbotts.com
BAKER BOTTS L.L.P.
700 K Street NW
Washington, DC 20001
(202) 639-7700 (telephone)
(202) 639-7890 (facsimile)

G. Hopkins Guy, III
hopkins.guy@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
(650) 739-7500 (telephone)
(650) 739-7699 (facsimile)

*Attorneys for Defendant-Appellant, DISH
Network L.L.C.*

# ADDENDUM

# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**DISH NETWORK L.L.C.,**
*Defendant-Appellant*

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG
LLP,**
*Respondents-Appellees*

---

2022-1621, 2022-1777

---

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02066-RGA, Judge Richard G. Andrews.

-------------------------------------------------

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**SIRIUS XM RADIO INC.,**
*Defendant-Appellant*

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG
LLP,**
*Respondents-Appellees*

————————————

2022-1622, 2022-1779

————————————

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02067-RGA, Judge Richard G. Andrews.

————————————

Decided: May 20, 2024

————————————

JAMES F. MCDONOUGH, III, Rozier Hardt McDonough PLLC, Atlanta, GA, argued for plaintiff-cross-appellant.

LAUREN J. DREYER, Baker Botts LLP, Washington, DC, argued for all defendants-appellants. Defendant-appellant DISH Network L.L.C. Also represented by JAMIE ROY LYNN; GEORGE HOPKINS GUY, III, Palo Alto, CA; SPENCER JAMES PACKARD, Houston, TX.

MARK BAGHDASSARIAN, Kramer Levin Naftalis & Frankel LLP, New York, NY, for defendant-appellant Sirius XM Radio Inc. Also represented by SHANNON H. HEDVAT.

ROBERT E. FREITAS, Freitas & Weinberg LLP, Redwood Shores, CA, argued for respondents-appellees. Also represented by DANIEL J. WEINBERG, Hopkins & Carley, ALC, Redwood City, CA.

————————————

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and
BENCIVENGO, *District Judge*.[1]

Opinion for the court filed by *Chief Judge* MOORE.

Opinion dissenting-in-part filed by *District Judge*
BENCIVENGO.

MOORE, *Chief Judge*.

DISH Network L.L.C. (DISH) and Sirius XM Radio Inc.
(SXM) (collectively, Appellants) appeal the United States
District Court for the District of Delaware's denial-in-part
of Appellants' motion for attorneys' fees under 35 U.S.C.
§ 285. Dragon Intellectual Property, LLC (Dragon) cross-
appeals the district court's grant-in-part of attorneys' fees.
For the following reasons, we affirm.

## BACKGROUND

Dragon separately sued DISH, SXM, and eight other
defendants in December 2013, alleging infringement of
claims of U.S. Patent No. 5,930,444. In response, DISH
and SXM each sent letters to Freitas & Weinberg LLP,
Dragon's counsel, explaining their products were not cov-
ered by the '444 patent and a reasonable pre-suit investi-
gation would have shown the accused products could not
infringe the asserted claims. Dragon continued to pursue
its infringement claims.

In December 2014, DISH filed a petition seeking *inter
partes* review of the '444 patent. The Patent Trial and Ap-
peal Board instituted review and subsequently granted
SXM's request for joinder under 35 U.S.C. § 315(c). The
district court stayed proceedings as to DISH and SXM

---

[1]     Honorable Cathy Ann Bencivengo, District Judge,
United States District Court for the Southern District of
California, sitting by designation.

pending resolution of the Board's review but proceeded with claim construction as to the other eight defendants.

After the consolidated claim construction hearing, Freitas & Weinberg LLP withdrew as Dragon's counsel. Based on the claim construction order, Dragon, DISH, SXM, and the other eight defendants stipulated to noninfringement as to the accused products, and the district court entered judgment of noninfringement in favor of all defendants. Subsequently, the Board issued a final written decision holding unpatentable all asserted claims. *See DISH Network L.L.C. v. Dragon Intell. Prop., LLC*, No. IPR2015-00499, 2016 WL 3268756 (PTAB June 15, 2016).

In August 2016, DISH and SXM moved for attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927. Before the motions were resolved, Dragon appealed both the district court's judgment of noninfringement and the Board's final written decision. We affirmed the Board's decision, *Dragon Intell. Prop., LLC v. DISH Network LLC*, 711 F. App'x 993 (Fed. Cir. 2017), and dismissed the parallel district court appeal as moot, *Dragon Intell. Prop., LLC v. Apple Inc.*, 700 F. App'x 1005 (Fed. Cir. 2017). On remand, Dragon moved to vacate the district court's judgment of noninfringement and to dismiss the case as moot. The district court vacated the judgment of noninfringement as moot but retained jurisdiction to resolve Appellants' fees motions.

In November 2018, the district court denied Appellants' motions for attorneys' fees. The district court held neither DISH nor SXM was a prevailing party because invalidating the patent through IPR proceedings was not a basis for attorneys' fees. We reversed and remanded, holding Appellants were prevailing parties under § 285 because they successfully invalidated the asserted claims in a parallel IPR proceeding. *Dragon Intell. Prop., LLC v. DISH Network LLC*, 956 F.3d 1358, 1361–62 (Fed. Cir. 2020).

Based on a magistrate judge report and recommendation and its own analysis, the district court determined these cases were exceptional and granted-in-part Appellants' motion for attorneys' fees under § 285 to the extent Appellants sought fees from Dragon for time spent litigating. The district court denied-in-part the motion to the extent Appellants sought attorneys' fees incurred solely during the IPR proceedings and recovery from Dragon's former counsel, Freitas & Weinberg LLP and attorney Robert Freitas (collectively, Freitas), holding § 285 does not permit either form of recovery. DISH and SXM appeal the denial-in-part of fees. Dragon cross-appeals the district court's grant-in-part of fees. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

We first address Dragon's cross-appeal. A district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Dragon challenges the district court's determination that these cases were "exceptional" under § 285.

We review exceptionality determinations for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). A district court abuses its discretion when it "fail[s] to conduct an adequate inquiry." *Atl. Rsch. Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1360 (Fed. Cir. 2011).

The district court determined these cases were exceptional based on "the substantive strength of Dragon's infringement position." *Dragon Intell. Prop., LLC v. Dish*

*Network L.L.C.*, No. 13-2066, 2021 WL 3616147, at *6 (D. Del. Aug. 16, 2021) (Magistrate Rep. and Rec.). The bases for exceptionality included clear prosecution history disclaimer, which precluded a finding of infringement by any of the accused products; public availability of information demonstrating noninfringement by the accused products before Dragon filed the infringement suits; notice of noninfringement sent by Appellants to Dragon after the complaints were filed; and Dragon's continued litigation after being put on notice of the objective baselessness of its infringement allegations. *Id.* at *6–7.

Dragon's argument is premised on its assertion that vacatur of the noninfringement judgment invalidated the prior claim construction order. Dragon Principal and Resp. Br. 54–64. Dragon contends an award of fees based on the district court's claim construction exposes it to harm based on an unreviewable decision. *Id.* at 63–64 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). Therefore, Dragon argues, the district court's reliance on its prior conclusion of clear prosecution history disclaimer was improper and its exceptionality inquiry was inadequate. We do not agree.

The district court did not abuse its discretion by relying on its prior adjudication of prosecution disclaimer during claim construction. After we dismissed Dragon's noninfringement appeal as moot and remanded to the district court, Dragon moved under Federal Rule of Civil Procedure 60(b)(6) requesting the district court "vacate [its] final judgments of non-infringement" and dismiss the cases as moot. The district court vacated its noninfringement judgments but declined to dismiss the cases, retaining jurisdiction to resolve Appellants' fee motions. *Dragon Intell. Prop., LLC v. Apple, Inc.*, No. 13-2058, 2018 WL 4658208, at *2–3 (D. Del. Sep. 27, 2018). Dragon did not request, and the district court did not grant, vacatur of the claim construction order.

Dragon's argument that vacatur of the noninfringement judgment required the district court to ignore its claim construction order in determining exceptionality is incorrect.  The district court was not required to relitigate claim construction for an invalidated patent to resolve Appellants' fee motions.  Unlike *Munsingwear*, which concerned application of *res judicata* when intervening mootness prevented a non-prevailing party from obtaining judicial review, *Munsingwear*, 340 U.S. at 38–39, Dragon is not at risk of harm by enforcement of the district court's claim construction order.

Even though vacatur of the noninfringement judgment did not entitle Dragon to a claim construction do-over, the magistrate judge independently considered whether the prosecution history disclaimed the functionality of the accused devices in her exceptionality inquiry.  Magistrate Rep. and Rec. at *6 n.10 (noting the clear and unambiguous prosecution history disclaimer of accused products and rejecting Dragon's argument of entitlement to "a do-over on a clean slate").  The district court analyzed the prosecution history multiple times for this very issue.  *See id.*; *Dragon Intell. Prop., LLC v. Apple, Inc.*, No. 13-2058, 2015 WL 5298938, at *4 (D. Del. Sep. 9, 2015) (claim construction order); *Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, No. 13-2066, 2021 WL 5177680, at *2 (D. Del. Nov. 8, 2021) (granting-in-part fees under § 285).  Dragon has not presented any grounds for holding that this constitutes an inadequate inquiry.

We hold the district court did not abuse its discretion in declaring these cases exceptional and affirm the district court's grant-in-part of Appellants' motions for attorneys' fees.

## II

We next address Appellants' appeal of the denial-in-part of fees.  Appellants argue the district court erred in denying attorneys' fees incurred during the IPR

proceedings and declining to hold Freitas jointly and severally liable with Dragon for the fee award. The district court concluded § 285 did not permit either form of recovery. We review the scope of § 285 de novo. *Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003). We hold § 285 does not entitle Appellants to recovery of fees incurred in parallel IPR proceedings and does not entitle Appellants to hold Dragon's counsel jointly and severally liable for fees.

### A. Fees Incurred in IPR Proceedings

Appellants challenge the district court's conclusion that fees incurred in the parallel IPR proceedings are not recoverable under § 285. Appellants contend the IPR proceedings were "part and parcel" of the case, and the optional nature of IPR proceedings does not compel the denial of IPR fees. We do not agree.

Appellants voluntarily pursued parallel proceedings in front of the Board instead of arguing invalidity before the district court. Indeed, there are advantages to doing so. In district court, challengers must prove each patent claim invalid by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Before the Board, petitioners need only establish unpatentability by a preponderance of the evidence. 35 U.S.C. § 316(e). By statute, IPR proceedings must be completed within one year of institution, 35 U.S.C. § 316(a)(11), providing an expeditious alternative to potentially years-long litigation. Based on these advantages, parties often strategically choose to argue invalidity before the Board. The "vast majority" of IPR petitioners are sued by patent owners in another venue before filing petitions. UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD PARALLEL LITIGATION STUDY 3 (June 2022). In cases where a party voluntarily elects to pursue an invalidity challenge through IPR proceedings, we see no basis for awarding IPR fees under § 285. The dissent takes issue with

characterization of Appellants' participation in IPR proceedings as "voluntary." Appellants were not compelled to argue invalidity before the Board. Eight other defendants chose not to pursue such proceedings and continued to litigate in district court.

Our holding is consistent with *PPG Industries v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988), on which Appellants rely. In *PPG*, we held that fees incurred by a defendant in reissue proceedings were recoverable under § 285. *Id.* at 1568–69. The district court in *PPG* denied the defendant reissue fees, reasoning participation in the reissue proceedings was "non-mandatory" and the party had the option of arguing validity before the court. *PPG Indus. v. Celanese Polymer Specialties Co.*, 658 F. Supp. 555, 561 (W.D. Ky. 1987). We reversed on the grounds that the defendant's participation in the reissue proceedings was "not optional" because the plaintiff had initiated the reissue proceedings and "forced" the defendant to perform before the Board "precisely the same type of work" the defendant would have performed at trial, so the defendant "had no other option available." *PPG Indus.*, 840 F.2d at 1568. Those are not the circumstances here, where Appellants' initiation of and participation in the IPR proceedings was voluntary.

Appellants also argue the district court misapplied our holding in *Amneal Pharmaceuticals LLC v. Almirall, LLC*, 960 F.3d 1368 (Fed. Cir. 2020), in concluding IPRs are not "cases" under § 285. In *Amneal*, we denied the patent owner's request for fees incurred in IPR proceedings because "section 285 does not authorize [us] to award fees for work that was done before the agency on appeal from an IPR." *Id.* at 1371–72. We rejected the patent owner's argument that our previous guidance to view cases "more as an 'inclusive whole' . . . when analyzing fee-shifting under § 285," *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516–17 (Fed. Cir. 2014) (citation omitted), required application of § 285 to fees incurred in IPR

proceedings. *Amneal*, 960 F.3d at 1371–72. We specifically noted "we were clearly only referring to district court and appellate court proceedings." *Id.* at 1372. Appellants argue *Amneal* is distinguishable because there we denied fees for an IPR instituted before any district court suit was filed, *see id.* at 1370, but here the IPR was filed after Dragon filed suit in district court. While true, this distinction neither renders irrelevant *Amneal*'s analysis of § 285 nor creates inconsistency with our precedent.

We note that a district court is particularly well-positioned to determine whether a case before it is exceptional because it "lives with the case over a prolonged period of time." *Highmark*, 572 U.S. at 564. Were "cases" under § 285 to include IPR proceedings, district court judges would be tasked with evaluating the exceptionality of arguments, conduct, and behavior in a proceeding in which they had no involvement. Such an inquiry is inconsistent with the rationale articulated in *Highmark* and the deference with which we review exceptionality determinations. *See id.* Indeed, the district court determined these cases exceptional based on Dragon's substantive litigation position in the district court and its finding of clear prosecution history disclaimer. These bases for exceptionality are wholly unrelated to parallel proceedings before the Board.

For these reasons, we reject Appellants' argument that § 285 allows recovery of fees incurred in the voluntarily undertaken parallel IPR proceedings.

## B. Attorney Liability

Appellants challenge the district court's holding that a party's counsel of record cannot be held jointly and severally liable for fee awards under § 285. Appellants argue § 285 permits wide discretion in fashioning fee awards based on the circumstances of the case. We agree with the district court's analysis and hold that liability for attorneys' fees awarded under § 285 does not extend to counsel.

DRAGON INTELLECTUAL PROPERTY LLC v.                    11
DISH NETWORK L.L.C.

We find support for this conclusion in the text of the statute. Section 285 is silent as to who can be liable for a fee award. Conversely, other statutes explicitly allow parties to recover costs and fees from counsel. For example, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, Federal Rule of Civil Procedure 11 expressly allows the court to impose monetary sanctions on attorneys and law firms, which can include "all of the reasonable attorney's fees and other expenses" incurred as a result of sanctionable conduct. Fed. R. Civ. P. 11(c)(1), (c)(4). Section 285, however, does not identify counsel as liable for a fee award. Statutes and rules that expressly identify counsel as liable are more appropriate vehicles to recover fees from counsel.

Appellants acknowledge that other courts have similarly declined to extend liability under fee-shifting statutes to counsel when the statute is silent on the issue, *see, e.g.*, *In re Crescent City Ests., LLC*, 588 F.3d 822, 825 (4th Cir. 2009), but argue Congress' inclusion of exceptionality language in § 285 indicates intent to allow recovery of fee awards from counsel and parties alike. We do not agree. That Congress has expressly allowed recovery of costs and fees against counsel elsewhere but intended to imply such a provision in § 285 with exceptionality language is untenable. *Cf. Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 761 (1980) (refusing to allow "costs" recoverable against counsel under 28 U.S.C. § 1927 (1948) to include attorneys' fees by reading in such a provision where the statute was silent). The requirement of § 285 that a case be exceptional for the prevailing party to recover attorneys' fees does not create by implication a presumption that liability can extend to counsel. When, as here, the statute does not provide for fee awards against attorneys and other statutes expressly do for similar types of conduct, it is reasonable to

conclude, as the district court did, that fees cannot be assessed against counsel.

Appellants argue we have previously allowed assessment of § 285 fees against non-parties based on the nature of the case's exceptionality. Appellants rely primarily on *Ohio Cellular Products Corp. v. Adams USA, Inc.*, where we affirmed a determination that the plaintiff's president and sole shareholder, who committed inequitable conduct during prosecution of a patent, could be joined as a third-party against whom fees could be collected. 175 F.3d 1343, 1352 (Fed. Cir. 1999), *rev'd sub nom. Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000). The Supreme Court reversed our opinion on due process grounds but noted its decision "surely does not insulate" the third party "from liability." *Nelson*, 529 U.S. at 472. Unlike here, the third-party in *Nelson* was not counsel for either party. In no case have we imposed liability against a third party because they were a party's attorney. We see no basis in our precedent to allow Appellants to recover § 285 fees from counsel, especially where, as here, exceptionality was based on Dragon's substantive litigation position and not on counsel's manner of litigating.

For these reasons, we reject Appellants' argument that § 285 allows Freitas to be held jointly and severally liable for the fee award and affirm the district court's denial-in-part of fees.

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We affirm the district court's judgment granting-in-part and denying-in-part Appellants' motions for attorneys' fees.

**AFFIRMED**

COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**DISH NETWORK L.L.C.,**
*Defendant-Appellant*

**v.**

**ROBERT E. FREITAS, FREITAS & WEINBERG LLP,**
*Respondents-Appellees*

---

2022-1621, 2022-1777

---

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02066-RGA, Judge Richard G. Andrews.

---------------------------------------------------

**DRAGON INTELLECTUAL PROPERTY LLC,**
*Plaintiff-Cross-Appellant*

**v.**

**SIRIUS XM RADIO INC.,**
*Defendant-Appellant*

v.

## ROBERT E. FREITAS, FREITAS & WEINBERG LLP,
*Respondents-Appellees*

———————————

2022-1622, 2022-1779

———————————

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-02067-RGA, Judge Richard G. Andrews.

———————————

BENCIVENGO, *District Judge*, dissenting-in-part.

I join Parts I and II.B of the majority's opinion, but I respectfully dissent from Part II.A. The majority categorically holds that § 285 does not entitle a defendant to recover fees incurred in IPR proceedings that the defendant sought to institute after being sued for infringement. I disagree.

The majority, by characterizing Appellants' election to utilize IPR as "voluntary" and "parallel" to the district court litigation, holds that there is no basis for awarding IPR fees under § 285. Appellants did not "voluntarily" seek to invalidate Dragon's patents through IPR as would arguably have been the case had Appellants initiated IPR before Dragon filed this lawsuit. Instead compelled to contest the validity of Dragon's patents in response to Dragon's meritless infringement suit, Appellants exercised their statutory option to litigate their affirmative invalidity defenses in IPR.

As contemplated by the creation of IPR, Appellants utilized this substitute venue pursuant to 35 U.S.C. § 315(b) for efficiencies in lieu of district court proceedings. There are advantages in doing so for challengers to be sure, as the

DRAGON INTELLECTUAL PROPERTY LLC v.                    3
DISH NETWORK L.L.C.

majority points out, but there are also constraints. For instance, the challenge must be submitted fully formed within 12 months of the suit being served with little, if any, discovery. The results are binding. Estoppel provisions preclude the challenger from asserting in the district court invalidity arguments that were raised or could have been raised in IPR. 35 U.S.C. § 315(e)(2).

In this case the IPR was not "parallel" to the district court litigation. The Appellants were not litigating invalidity, or anything else, in parallel in the district court. To the contrary, at Appellants' request, the district court stayed the litigation pending the outcome of the IPR. The IPR, therefore, substituted for district court litigation on Appellants' validity challenge. *See* 157 Cong. Rec. S1376 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) (if an inter partes review is instituted while litigation is pending, that review will completely substitute for at least the patent-and-printed publications portion of the civil litigation). The Appellants' success in the IPR proceeding led to the determination that Appellants were the prevailing party in this litigation. *Dragon Intell. Prop., LLC v. DISH Network LLC*, 956 F.3d 1358, 1361–62 (Fed. Cir. 2020).

The majority expresses concern that a district court is not situated to make an exceptional case finding based on the proceedings in the IPR over which it did not preside. That, however, is not the situation at hand. The Appellants do not seek an exceptional case finding based on the outcome of the IPR.

The district court found this case exceptional based on a determination that it was objectively baseless from its inception. Appellants seek the fees they expended in the IPR, in which they prevailed, as compensation for their defense of this baseless litigation. The incurrence of these fees is not wholly unrelated to the bases for exceptionality. Appellants incurred fees in the IPR that they would not have incurred but for being sued by Dragon in a case that should

not have been initiated by Dragon.  To categorically pre-
clude recovery of IPR fees in this circumstance is incon-
sistent with § 285 or the intent of IPR itself.

In a case such as this, where exceptionality is based on
a determination that the case was objectively baseless from
its inception, it should be within the discretion of the dis-
trict judge to award *all* reasonable fees incurred by the pre-
vailing defendant, including fees incurred in an IPR that
resolved any invalidity defenses that were required to be
asserted in response to the baseless complaint.

Accordingly, I respectfully dissent-in-part from this
portion of the majority opinion, and this court should re-
verse the district court's decision denying Appellants' re-
quest for fees incurred in IPR.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  2022-1621, 2022-1622, 2022-1777, 2022-1779

**Short Case Caption:**  Dragon Intellectual Property LLC v. DISH Network L.L.C

---

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

---

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  3,900  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/05/2024

Signature:  /s/ Lauren J. Dreyer

Name:  Lauren J. Dreyer

Save for Filing

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of appeals for the Federal Circuit through the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Lauren J. Dreyer*