No. 2022-1621, 2022-1622, 2022-1777, 2022-1779

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

DRAGON INTELLECTUAL PROPERTY, LLC,
*Plaintiff –Cross Appellant*

v.

DISH NETWORK, L.L.C.,
*Defendant – Appellant*

v.

ROBERT E. FREITAS, FREITAS & WEINBERG LLP,
*Respondents – Appellees*

---

DRAGON INTELLECTUAL PROPERTY, LLC,
*Plaintiff – Cross Appellant*

v.

SIRIUS XM RADIO, INC.,
*Defendant – Appellant*

v.

ROBERT E. FREITAS, FREITAS & WEINBERG LLP,
*Respondents – Appellees*

On Appeal from the United States District Court
For The District of Delaware No. 1:13-cv-02066 RGA,
1:13-cv-02067 RGA, Judge Richard Andrews

**PLAINTIFF-CROSS-APPELLANT DRAGON INTELLECTUAL PROPERTY, LLC'S AND RESPONDENTS-APPELLEES ROBERT E. FREITAS AND FREITAS & WEINBERG LLP'S JOINT RESPONSE TO DISH NETWORK L.L.C.'S PETITION FOR REHEARING *EN BANC***

Robert E. Freitas
FREITAS & WEINBERG LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Email: rfreitas@fawlaw.com
Attorneys for Respondents-Appellees Robert E. Freitas and Freitas & Weinberg LLP

James F. McDonough, III
ROZIER HARDT MCDONOUGH PLLC
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505
Email: jim@rhmtrial.com
Attorneys for Plaintiff-Cross-Appellant Dragon Intellectual Property LLC

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**   2022-1621, 2022-1622, 2022-1777, 2022-1779

**Short Case Caption**   Dragon Intellectual Property LLC v. DISH Network L.L.C.

**Filing Party/Entity**   Plaintiff-Cross Appellant Dragon Intellectual Property, LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/03/2024

Signature: /s/James F. McDonough, III

Name: James F. McDonough, III

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Dragon Intellectual Property, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable                 ☑   Additional pages attached

| | | |
|---|---|---|
| (see Addendum) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)   ☑   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                 ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**CERTIFICATE OF INTEREST – ADDENDUM**

| | |
|---|---|
| Case Number: | 2022-1621, 2022-1622, 2022-1777, 2022-1779 |
| Short Case Caption: | Dragon Intellectual Property LLC v. DISH Network L.L.C. |
| Filing Party/Entity: | Plaintiff-Cross Appellant Dragon Intellectual Property, LLC |

| Attorney | Firm |
|---|---|
| Timothy Devlin | Devlin Law Firm LLC |
| Jason S. Angell | Freitas & Weinberg LLP |
| Robert E. Freitas | Freitas & Weinberg LLP |
| Jessica N. Leal | Freitas & Weinberg LLP |
| QuynhChi Nguyen | Freitas & Weinberg LLP |
| J. James Li | LiLaw Inc. |
| Stephen B. Brauerman | Bayard, P.A. |
| Sara E. Bussiere | Bayard, P.A. |
| Richard D. Kirk | Bayard, P.A. |
| Vanessa Ribeiro Tiradentes | Bayard, P.A. |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1621, 2022-1622, 2022-1777, 2022-1779

**Short Case Caption** Dragon Intellectual Property LLC v. DISH Network L.L.C.

**Filing Party/Entity** Respondents-Appellees Robert E. Freitas and Freitas & Weinberg LLP

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/03/2024

Signature: /s/Robert E. Freitas

Name: Robert E. Freitas

**FORM 9. Certificate of Interest**                                    Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Robert E. Freitas | | |
| Freitas & Weinberg LLP | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)    ☑  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

## TABLE OF CONTENTS

**Page**

I.   AN *INTER PARTES* REVIEW IS NOT A "CASE" IN
     WHICH FEE SHIFTING IS AVAILABLE UNDER
     SECTION 285 ................................................................................. 1

II.  THERE IS "NO LEGAL BASIS" FOR LAWYER LIABILITY
     UNDER SECTION 285 ................................................................. 10

III. CONCLUSION .............................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Video Technologies LLC v. HTC Corp.*,
   2015 U.S. Dist. LEXIS 122423 (S.D.N.Y. Aug. 28, 2015) ................... 11

*Alliance for Good Government v. Coalition for
   Better Government*,
   998 F.3d 661 (5th Cir. 2021) .......................................................... 13, 14

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
   500 F.3d 1230 (11th Cir.2007) ............................................................. 13

*Amneal Pharms. LLC v. Almirall*,
   LLC, 960 F.3d 1368 (Fed. Cir. 2020) ..................................................... 2

*Brown v. Borough of Chambersburg*,
   903 F.2d 274 (3d Cir. 1990) ................................................................. 13

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................... 12

*In re Crescent City Ests., LLC*,
   588 F.3d 822 (4th Cir. 2009) ............................................................... 12

*Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*,
   246 F.3d 142 (2d Cir. 2001) ................................................................ 13

*Dragon Intell. Prop. LLC v. DISH Network L.L.C.*,
   101 F.4th 1366 (Fed. Cir. 2024) ................................................... passim

*Dragon Intell. Prop. LLC v. DISH Network L.L.C.*,
   956 F.3d 1358 (Fed. Cir. 2020) ............................................................. 2

*Eastway Construction Corp. v. City of New York*,
   821 F.2d 121 (2d Cir. 1987) ................................................................ 13

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Foster v. Mydas Assocs., Inc.,*
   943 F.2d 139 (1st Cir. 1991) .............................................................. 13

*Griffin v. Oceanic Contractors, Inc.,*
   458 U.S. 564 (1982) ................................................................................ 8

*Gross v. FBL Fin. Servs.,*
   557 U.S. 167 (2009) ................................................................................ 9

*Healey v. Chelsea Res., Ltd.,*
   947 F.2d 611 (2d Cir. 1991) ............................................................... 13

*Heckethorn v. Sunan Corp.,*
   992 F.2d 240 (9th Cir.1993)............................................................... 13

*Interlink Elecs v. Incontrol Sols., Inc.,*
   1999 U.S. App. LEXIS 20072 (Fed. Cir. Aug. 24, 1999).................... 10

*Lumos Tech. Co., Ltd. v. JEDMED Instrument Co.,*
   2018 U.S. Dist. LEXIS 24238 (S.D.N.Y. Feb. 14, 2018) .................... 11

*My Health, Inc. v. ALR Techs., Inc.,*
   2019 U.S. Dist. LEXIS 94700 (E.D. Tex. June 5, 2019) .................... 10

*New York Gaslight Club, Inc. v. Carey,*
   447 U.S. 54 (1980) ................................................................................. 5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
   572 U.S. 545 (2014) ............................................................................. 16

*Omnicare, Inc. v. Laborers Dist. Council Constr.*
*Indus. Pension Fund,*
   575 U.S. 175 (2015) ............................................................................... 8

*Peer v. Liberty Life Assurance Co.,*
   992 F.3d 1258 (11th Cir.2021)........................................................... 12

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Pfingston v. Ronan Eng'g Co.*,
    284 F.3d 999 (9th Cir. 2002) ................................................................. 13

*Phonometrics, Inc. v. ITT Sheraton Corp.*,
    64 F. App'x 219 (Fed. Cir. 2003) ........................................................ 10

*PPG Industries, Inc. v. Celanese Polymer Specialties Co.*,
    840 F.2d 1565 (Fed. Cir. 1988) ........................................................ 2, 3

*Rates Tech. Inc. v. Broadvox Holding Co., LLC*,
    56 F. Supp. 3d 515 (S.D.N.Y. Oct. 7, 2014) ...................................... 11

*Reiter v. Sonotone Corp.*,
    442 U.S. 330 (1979) ............................................................................ 7

*Roadway Exp., Inc. v. Piper*,
    447 U.S. 752 (1980) .......................................................................... 13

*Steinert v. Winn Grp., Inc.*,
    440 F.3d 1214 (10th Cir. 2006) ......................................................... 13

*Stillman v. Edmund Scientific Co.*,
    522 F.2d 798 (4th Cir. 1975) ............................................................. 10

*Sullivan v. Hudson*,
    490 U.S. 877 (1989) .................................................................... 5, 6, 7

*Tech. Props. Ltd. LLC v. Canon Inc.*,
    2017 U.S. Dist. LEXIS 144204 (N.D. Cal. Jan. 26, 2017) ................. 11

*Tejero v. Portfolio Recovery Assocs., L.L.C.*,
    955 F.3d 453 (5th Cir. 2020) ............................................................. 13

*Webb v. Bd. Of Educ. Of Dyer Cty., Tenn.*,
    471 U.S. 234 (1985) .................................................................... 2, 5, 6

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Federal Statutes**

28 U.S.C. § 1927 ........................................................................ 12

35 U.S.C. § 70 ................................................................ 15, 16, 17

35 U.S.C. section 285 ....................................................... *passim*

Fed. R.Civ. P. 11 ...................................................................... 12

**Other Authorities**

S. Rep. No. 1979, 82nd Cong., 2d Sess. (1952) ......................... 17

The petition for rehearing *en banc* filed by Appellant DISH Networks, L.L.C. ("DISH") identifies no question worthy of *en banc* review. The panel correctly resolved the matters it addressed, and there is no conflict between the panel's disposition and any prior decision by the Supreme Court, this Court, or any other court of appeals. The anecdotes and policy arguments offered by DISH and its *amici* present issues for Congress, not the courts. The petition should be denied.

## I.    AN *INTER PARTES* REVIEW IS NOT A "CASE" IN WHICH FEE SHIFTING IS AVAILABLE UNDER SECTION 285.

DISH seeks *en banc* review of the panel's conclusion that attorneys' fees incurred in *inter partes* review proceedings are not recoverable under 35 U.S.C. section 285. *See Dragon Intell. Prop. LLC v. DISH Network L.L.C.*, 101 F.4th 1366, 1371-72 (Fed. Cir. 2024). "In cases where a party voluntarily elects to pursue an invalidity challenge through IPR proceedings, we see no basis for awarding IPR fees under § 285." *Id.* at 1371.

The panel's decision followed a prior appeal in this case in which the Court did not decide the issue, but commented "we see no basis in the Patent Act for awarding fees under § 285 for work incurred in inter partes review proceedings that the Appellants voluntarily undertook."

*Dragon Intell. Prop. LLC v. DISH Network L.L.C.*, 956 F.3d 1358, 1362 (Fed. Cir. 2020).

Section 285 provides for the recovery of attorneys' fees by the prevailing party in exceptional "cases." A "case," as the term is used in fee shifting statutes, means "a proceeding in court, a suit, or action." *Amneal Pharms. LLC v. Almirall,* LLC, 960 F.3d 1368, 1371-72 (Fed. Cir. 2020) (quoting *Blyew v. United States*, 80 U.S. (13 Wall.) 581, 595 (1872)). As *Amneal* confirms, an *inter partes* review is not a "case." *See also* Appx.000030 ("there is no dispute that the 'cases' to which the statute refers are judicial proceedings. In other words, IPR proceedings are not 'cases.'").

In *Webb v. Bd. Of Educ. Of Dyer Cty., Tenn.*, 471 U.S. 234, 240-43 (1985), the Supreme Court held that "attorney's fees incurred while pursuing optional administrative proceedings were not compensable under a fee-shifting statute in a later district court case." Appx000031. DISH argued that *PPG Industries, Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565 (Fed. Cir. 1988), supports the award of attorneys' fees incurred in *inter partes* review, but the panel rejected that argument because the administrative proceeding in issue in *PPG*

- 2 -

*Industries* was "not optional." *See Dragon Intell. Prop.*, 101 F.4th at 1372. "Due to the unique circumstances" present in *PPG Industries*, *Webb* was not controlling. *PPG Industries*, 840 F.3d at 1568. Here, however, "Appellants' initiation of and participation in the IPR proceedings was voluntary." *Dragon Intell. Prop.*, 101 F.4th at 1372.

*Inter partes* review is always "optional" in the only sense that matters under *Webb*. The panel's conclusion that "Appellants voluntarily pursued parallel proceedings in front of the Board instead of arguing invalidity before the district court" is both sound as a legal matter, and supported by the record specific to this case. *See Dragon Intell. Prop.*, 101 F.4th at 1371.

For most accused infringers, the opportunity to avoid a jury trial and proceed in a forum that is statistically likely to be more favorable is a welcome option. As the panel explained, "there are advantages to doing so." *Id.* Dissenting on this issue, District Judge Bencivengo, sitting by designation, noted that there are also disadvantages to proceeding before the Board, but the points she made do no more than highlight that a defendant considering a validity challenge has options. *See id.* at 1374.

In the district court, DISH offered a specific explanation for its decision to choose *inter partes* review. Judge Andrews pointed out that DISH and its co-appellant advised the district court that "they filed the IPR because they 'thought that it was the most cost-effective way to resolve the case,' not because they had no other option." *See* Appx000011. DISH thus opted for what the panel called "an expeditious alternative to potentially years-long litigation," and undoubtedly considered the other advantages of the *inter partes* review process.

Judge Bencivengo asserted that DISH was "compelled to contest the validity of Dragon's patents *[sic]*" because it was sued. DISH was not, of course, "compelled" to challenge Dragon's patent, but Judge Bencivengo missed the point. The question is not whether DISH was required to defend. What matters is whether the administrative process DISH chose was "optional." As the panel majority explained, there can be no doubt on that score: "Appellants were not compelled to argue invalidity before the Board. Eight other defendants chose not to pursue such proceedings and continued to litigate in district court." *Dragon Intellectual Prop.*, 101 F.4th at 1371.

Judge Bencivengo attempted to build an argument around the idea that *inter partes* review can be seen as an "alternative" to district court litigation. But a non-mandatory "alternative" is an "option," and the decision to pursue such an option is a voluntary act. Judge Bencivengo even acknowledged that DISH "exercised [its] statutory *option* to litigate [its] affirmative invalidity defenses in IPR." *Id*. at 1374 (emphasis added).

A need or incentive to seek *some* remedy is not the equivalent of a legal compulsion to pursue a specific administrative remedy. *Webb* distinguished *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980), as follows: "*Carey*, however, arose under a statute that expressly requires the claimant to pursue available state remedies before commencing proceedings in a federal forum. There is no comparable requirement in § 1983, and therefore the reasoning in *Carey* is not applicable to this case." *Webb*, 471 U.S. at 240. DISH was not "expressly required" to take advantage of the forum it perceived as more cost effective. Its decision to do so was a voluntary act.

DISH cannot find solace in *Sullivan v. Hudson*, 490 U.S. 877 (1989), for similar reasons. In *Sullivan*, the Supreme Court said that

"where administrative proceedings are intimately tied to the resolution of the judicial action and *necessary* to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Id.* at 888 (emphasis added). *See also Webb*, 471 U.S. at 243 (emphasis added) ("The petitioner made no suggestion below that any discrete portion of the work product from the administrative proceedings was work that was both useful and of a type ordinarily *necessary* to advance the civil rights litigation to the stage it reached before settlement."). *Inter partes* review is never "necessary."

The judicial review statute in issue in *Sullivan* was "somewhat unusual." *Id.* at 885. "Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed," including "complex legal issues." *Id.* "In many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court." *Id.* In this unique setting, "the Social Security claimant's status as a

prevailing party and the final judgment in her 'civil action . . . for review of agency action' are often completely dependent on the successful completion of the remand proceedings before the Secretary." *Id*. at 887. District court litigation is not similarly dependent on the outcome of an administrative proceeding, as concretely illustrated here by the success of the other defendants sued by Dragon.

In every case, the defendant retains the option to litigate to a conclusion in district court. Whether it chooses *inter partes* review, as DISH did, or decides to seek a successful outcome in district court, as eight other defendants did, is entirely a matter of choice. A litigant is never required to initiate an *inter partes* review, and success before the Board is never "necessary" for it to succeed.

Judge Bencivengo also argued that "it should be within the discretion of the district judge to award *all* reasonable fees incurred by the prevailing defendant." *Dragon Intellectual Prop.*, 101 F.4th at 1374. If this was a policy assessment, the role of the courts is not to determine what "should" occur. Courts take statutes as they find them. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979). If the law does not properly reflect what "should" occur, "Congress may amend the statute; [a court]

may not." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576 (1982). *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 193 (2015) ("Congress gets to make policy, not the courts."). Judge Hall responded to DISH's complaint about the state of the law as follows: "My answer to that is this: raise it with Congress. Federal courts don't make policy. Congress could have provided for such fee shifting but it didn't. This Court cannot change that." Appx000032.

The policy arguments offered by DISH and its *amicus* could not, in any event, be easily resolved. As the panel noted, "a district court is particularly well positioned to determine whether a case before it is exceptional because it 'lives with the case over a prolonged period of time.'" *Dragon Intell. Prop.*, 101 F.4th at 1372 (citing *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014)). "Were 'cases' under § 285 to include IPR proceedings, district court judges would be tasked with evaluating the exceptionality of arguments, conduct, and behavior in a proceeding in which they had no involvement." *Id*. This "is inconsistent with the rationale articulated in *Highmark* and the deference with which we review exceptionality determinations." *Id*. The

question of whether the role of a district court should be so dramatically changed is neither uncomplicated nor one for the courts.

*Webb* and *Bylew* were decided long before the creation of *inter partes* review in the America Invents Act. When Congress created *inter partes* review, it was aware of the prevailing standards, and it made no attempt to change them, or to amend section 285 to provide for the recovery of attorneys' fees incurred in *inter partes* review. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174-75 (2009) ("When Congress amends one statutory provision but not another, it is presumed to have acted intentionally."). When the members of DISH's *amicus* High Tech Inventors Alliance advocated the creation of a new administrative procedure, they, too, were aware of the state of the law. If these powerful companies desired an amendment to section 285, they had an opportunity to try to persuade Congress that such an amendment was appropriate. Nothing is stopping them from lobbying to that effect now. Judge Hall's answer to DISH remains the right answer.

The panel correctly applied the law. In doing so, the panel created no conflict with any Supreme Court decision or decision of this Court or another court of appeals. Any remaining questions about the

availability of fee shifting in *inter partes* review are for the Legislative Branch.

## II.  THERE IS "NO LEGAL BASIS" FOR LAWYER LIABILITY UNDER SECTION 285.

DISH also seeks *en banc* review of the panel's unanimous determination "that liability for attorneys' fees awarded under § 285 does not extend to counsel." *Dragon Intell. Prop.*, 101 F.4th at 1372. No court that has ever considered the issue has concluded otherwise. Various courts, including this Court, have observed that there is "no legal basis" for a claim to the contrary, *see, e.g.*, *Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 F. App'x 219, 222 (Fed. Cir. 2003), and, with seven years to try to do so, DISH has never come up with one. *See also Interlink Elecs v. Incontrol Sols., Inc.*, 1999 U.S. App. LEXIS 20072, at *6-*7 (Fed. Cir. Aug. 24, 1999) ("section 285 imposes costs on a party, not an attorney.") (citing *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (section 285 requires "the party acting exceptionally to bear the expenses of the opposing party")); *Stillman v. Edmund Scientific Co.*, 522 F.2d 798, 800 (4th Cir. 1975).

All of the district courts that have considered the issue have reached the same conclusion. *See, e.g.*, *My Health, Inc. v. ALR Techs.*,

*Inc.*, 2019 U.S. Dist. LEXIS 94700, at *7 (E.D. Tex. June 5, 2019) ("Defendants provide no legal basis for a fee award against My Health's counsel under § 285. Indeed, the Federal Circuit has declined to find counsel liable for fees awarded under § 285.") (citing *Phonometrics*, 64 F. App'x at 222), *adopted by district judge*, 2020 U.S. Dist. LEXIS 4172, at *16 (E.D. Tex. Jan. 10, 2020); *Lumos Tech. Co., Ltd. v. JEDMED Instrument Co.*, 2018 U.S. Dist. LEXIS 24238, at *4 (S.D.N.Y. Feb. 14, 2018); *Tech. Props. Ltd. LLC v. Canon Inc.*, 2017 U.S. Dist. LEXIS 144204, at *16 (N.D. Cal. Jan. 26, 2017); *Advanced Video Technologies LLC v. HTC Corp.*, 2015 U.S. Dist. LEXIS 122423, at *19 (S.D.N.Y. Aug. 28, 2015); *Rates Tech. Inc. v. Broadvox Holding Co., LLC*, 56 F. Supp. 3d 515, 526 (S.D.N.Y. Oct. 7, 2014). The policy arguments presented by DISH and its *amici* are again not within the competence of the courts, and DISH offers neither a convincing suggestion that the panel erred in its application of the law nor a reason why *en banc* review is necessary or helpful.

Congress, the courts, and the advisory committees on the federal rules have repeatedly given specific attention to the question of whether and when lawyers should be subject to fee shifting. Various federal

rules and statutes "explicitly allow parties to recover costs and fees from counsel." *Dragon Intell. Prop.*, 101 F.4th at 1372. "Federal Rule of Civil Procedure 11 expressly allows the court to impose monetary sanctions on attorneys and law firms, which can include 'all of the reasonable attorney's fees and other expenses' incurred as a result of sanctionable conduct." *Id.* at 1373 (citing Fed. R. Civ. P. 11(c)(1), (c)(4)). "[U]nder 28 U.S.C. § 1927, '[a]ny attorney . . .who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" In extreme cases, the inherent power of a district court allows it to impose sanctions, including the award of attorneys' fees, on lawyers. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

The Supreme Court and the courts of appeals have consistently explained that when a statute does not provide for lawyer liability, there is none. The panel cited one of the court of appeals decisions applying this presumption against lawyer liability, *In re Crescent City Ests., LLC*, 588 F.3d 822, 825 (4th Cir. 2009), and there are many others. *See, e.g., Peer v. Liberty Life Assurance Co.*, 992 F.3d 1258, 1263

(11th Cir.2021) (quoting *Crescent City Estates*, 588 F.3d at 825); *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 462 (5th Cir. 2020); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir.2007); *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005-06 (9th Cir. 2002); *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001); *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir.1993); *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 624 (2d Cir. 1991); *Foster v. Mydas Assocs., Inc.*, 943 F.2d 139, 142 (1st Cir. 1991); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 276- 77 (3d Cir. 1990); *Eastway Construction Corp. v. City of New York*, 821 F.2d 121, 123-24 (2d Cir. 1987). The panel also cited the Supreme Court's decision in *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 761 (1980), in which the Court refused to include the award of attorneys' fees against counsel under a statute providing for recovery of "costs." *See Dragon Intell. Prop.*, 101 F.4th at 1373.

DISH portrays the application of the settled law reflected in *Crescent City Estates* and the approach taken by the Fifth Circuit in *Alliance for Good Government v. Coalition for Better Government*, 998

F.3d 661, 664-66 (5th Cir. 2021), as alternative approaches to the question of lawyer liability for fee shifting. These cases address different issues, as Judge Hall explained. Appx000036. DISH contends that the panel "provides no reason" for following *Crescent City Estates* rather than *Alliance for Good Government*, but there is no reason why the panel would "follow" a case that does not address the issue at hand, or ignore the decisions by the Fifth Circuit and other courts of appeals that do.

Over a vigorous dissent, 998 F.3rd at 669-82 (Dennis, J., dissenting), the *Alliance for Good Government* majority concluded that an award against a non-party was proper under the "general principle that '[a]n officer is individually liable for any tortious conduct that he committed in connection with his corporate duties.'" *Id.* at 666 (quoting *Insituform Tech., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1373 (Fed. Cir. 2004)). *See id.* at 680 (Dennis, J., dissenting). Under those tort principles, Darleen Jacobs, "a principal of Coalition," was joined and made personally liable for the fee award. *Id.* at 664. Ms. Jacobs was a lawyer, but she was not held liable as such. DISH proceeded against

lawyers acting as lawyers. No one associated with the law firm was a principal of Dragon, and there was no claim to the contrary.

DISH previously argued that, although the cases overwhelmingly support the idea that fee shifting is not available against lawyers "when the statute is silent on the issue," *Dragon Intell. Prop.*, 101 F.4th at 1373, the inclusion of the "exceptionality" requirement in section 285 was a reflection of congressional intent "to allow recovery of fee awards from counsel and parties alike." The panel rejected as "untenable" the idea that "Congress has expressly allowed recovery of costs and fees against counsel elsewhere but intended to imply such a provision in § 285 with exceptionality language." The history of section 285 confirms the correctness of the panel's conclusion. *See* Appx000035.

The attorneys' fees language now found in section 285 was originally a part of 35 U.S.C. § 70. *See* Patent Act of August 1, 1946, § 1, 60 Stat. 778 (codified at 35 U.S.C. § 70) (1946 ed.). Section 70 provided a comprehensive set of remedies for patent infringement. First, "upon a Judgment being rendered in any case for an infringement the complainant shall be entitled to recover general damages which shall be due compensation for making, using, or selling the invention, not less

than a reasonable royalty therefor, together with such costs, and interest, as may be fixed by the court." The statute also provided that "[t]he court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of Judgment on any patent case." *See id.* Appearing as it did in a statute providing for the recovery of damages for infringement, the attorney's fees and cost remedies set forth in section 70 were obviously not available against lawyers.

The attorneys' fees language of section 70 was interpreted in a manner that limited recovery to special situations. *See generally Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548-49 (2014). When the Patent Act was adopted in 1952, the attorneys' fees language taken from section 70 was amended in a manner consistent with the case law by adding the reference to "exceptional cases," and codified in a new section 285.

In *Octane Fitness*, 572 U.S. at 549, the Supreme Court stated: "We have observed, in interpreting the damages provision of the Patent Act, that the addition of the phrase 'exceptional cases' to § 285 was 'for purposes of clarification only.'" (quoting *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 653 n.8 (1983)). *See id.* ("the recodification did not

substantively alter the meaning of statute."). The "untenable" notion that in section 285, Congress uniquely decided to impose liability on lawyers without explicitly saying so is foreclosed by *Octane Fitness*.

The 1952 Reviser's Note for section 285 is to the same effect. It states that "[t]his section is substantially the same as corresponding provision in R.S. 4921," showing that no change in the reach of section 70 was intended when section 285 was adopted. S. Rep. No. 1979, 82nd Cong., 2d Sess. (1952), reprinted in 1952 U.S. Code Cong. & Ad. News 2394, 4223.

In the district court, Judge Hall pointed out that "Dish and SXM agree[d] that nothing in the legislative history of the Patent Act supports their position that § 285 authorizes an award of fees against opposing counsel." Appx000035. Judge Andrews also noted the Appellants' agreement "that nothing in the legislative history of § 285 supports awarding fees against opposing counsel." Appx000012 ("The Magistrate Judge found, and Defendants agree, that nothing in the legislative history of § 285 supports awarding fees against opposing counsel.").

Despite all of this, DISH argues that *Octane Fitness* stands for just the opposite, claiming that the Court's comment that section 285 contains only "one constraint" means that there is no "constraint" on lawyer liability. This argument is inconsistent with the presumption that lawyers are not liable for fee shifting in the absence of specific language of inclusion, and it flatly ignores what the Supreme Court said about the 1952 codification of section 285 in *Octane Fitness*. The attempt to transform the "one constraint" comment also overlooks the issue addressed in *Octane Fitness*. As Judge Andrews put it, "*Octane* does not even address against whom fees can be assessed." Appx000013.

DISH falsely asserts that the panel "declin[ed] to consider 'manner of litigating,'" Petition at 10, but the panel stated, "[w]e see no basis in our precedent to allow Appellants to recover § 285 fees from counsel, especially where, as here, exceptionality was based on Dragon's substantive litigating position and not on counsel's manner of litigating." *Dragon Intell. Prop.*, 101 F.4th at 1373. Neither the panel nor the district court declined to consider any evidence or arguments presented by DISH. There was no misconduct, and no failure to

consider evidence. But simple "error" of this nature, real or imagined, would not warrant *en banc* review.

The anecdotes DISH and its *amici* tell of other lawyers and other cases also do not suggest a basis for *en banc* review. If the antics of others have any significance, they are fodder for policy discussions that cannot contribute to the questions that were before the panel, and do not justify *en banc* review. When Congress enacted section 285 in 1952, it did not include lawyers. Decades later, the emergence of a class of scoundrels who are not involved in this case, and whose activities bear no resemblance to anything that occurred in this case, does not alter the meaning of the statute.

## III.   CONCLUSION.

The panel correctly resolved the issues it considered in a manner that does not conflict with any decision of the Supreme Court, the Federal Circuit, or any other court of appeals. The petition should be denied.

Dated: September 3, 2024

    */s/Robert E. Freitas*
Robert E. Freitas
FREITAS & WEINBERG LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA  94065

Attorneys for Respondents-Appellees
Robert E. Freitas and
Freitas & Weinberg LLP

    */s/James F. McDonough, III*
James F. McDonough, III
ROZIER HARDT MCDONOUGH PLLC
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339

Attorneys for Plaintiff-Cross-Appellant
Dragon Intellectual Property, LLC

**FORM 19. Certificate of Compliance with Type-Volume Limitations**                    Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  2022-1621, 2022-1622, 2022-1777, 2022-1779

**Short Case Caption:**  Dragon Intellectual Property LLC v. DISH Network L.L.C.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑  the filing has been prepared using a proportionally-spaced typeface and includes  3,859  words.

☐  the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐  the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/03/2024          Signature:  /s/Robert E. Freitas

                          Name:  Robert E. Freitas